Zimmerman, J.
Both the Tax Commissioner in making the assessment and the board in affirming the assessment order ' followed the Tax Commissioner’s Rule No 101, which recites in part:
“Charges fof mailing photostats, blue prints * * * do not constitute sales of tangible personal property. Such charges are, therefore, not subject to the tax.
*8 “Where printed pictures are made from developed negatives and sold to a customer, the sale is one of tangible personal property and is subject to the tax.
“Where tangible personal property is delivered to photographers for tinting or coloring, to photostat producers for photostating or to blueprint manufacturers for blueprinting, the charges for such work are for services rendered and not for sale of tangible personal property. Therefore, charges for such services are not subject to the tax.
“Sales of portraits, frames, camera films and other articles by photographers or photo-finishers to purchasers for use are sales at retail and taxable.”
, Upon the application of such rule it was determined that appellant in producing copies of the articles furnished it by its customers was engaged in the rendition of a service, and, hence, that it was the consumer of the items used for such purposes and is amenable to the sales and use taxes.
Appellant contends that Rule No. 101, as applied to it, is arbitrary, unsound and contrary to law, for the reason that the transfers by it to its customers of blueprint, photostatic and Ozalid copies for a money consideration constituted a “sale” within the meaning and intent of the Ohio sales and use tax acts.
The assessment against appellant was levied under the provisions of Sections 5546-2 and 5546-26, General Code (Sections 5739.02 and 5741.02, Revised Code).
Section 5546-2, General Code, provides:
“* * * an excise tax is hereby levied on each retail sale made in this state of tangible personal property # * # 9?
And Section 5546-26, General Code, reads:
“* * * an excise tax is hereby levied on the storage, use, or other consumption in this state of tangible personal property purchased * * * for storage, use, or other consumption in this state * *
*9 Then, Section 5546-1, General Code (Section 5739.01, Revised Code), defines “retail sale” as including all sales excepting those in which the purpose of the consumer is “(b) to incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing or refining, or to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing & * * ) ?
Likewise, Section 5546-25, General Code (Section 5741.01, Revised Code), excepts a “thing” from the term, “use,” where the purpose of the consumer is “(b) to incorporate the thing purchased as a material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing * * *.”
Therefore, where the “thing” purchased comes within the exceptions quoted above, such purchase is excluded from both sales and use taxes as concerns the consumer or user thereof.
This brings us to a consideration of whether, in the operation of its business, appellant was merely performing a “service” for its customers and must therefore pay the sales and use taxes as to the items utilized by it in rendering such services, or whether, in producing and delivering copies to its customers of materials submitted by them, it was making a “sale,” thus obligating the purchasers to pay the tax.
Section 5546-1, General Code (Section 5739.01, Revised Code), defines “sale” and “selling” as including “all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever * * *.”
*10 In our opinion, appellant’s transfer for a monetary consideration to its customers of copies produced by it for such customers answered the statutory definition of a “sale” and constituted “selling.” All rights and interests in the copies produced passed to the customer upon delivery. The consideration for the transfer was the price charged by appellant and such price depended upon the quantities of copies ordered and the type of processing used in the production of the finished articles.
What appellant did can not fairly be denoted a service. One usually associates that term with a situation where skill or personal efforts play the major part in the end result and where the materials used are a minor consideration. This point is illustrated by the case of Fritz v. Peck, Tax Commr., 160 Ohio St., 90, 113 N. E. (2d), 627, in which it was held that the fitting of dentures by a dentist to his patient’s mouth and the making of alterations and adjustments as required are not a sale of tangible personal property but the performance of expert personal services in which the materials in the dentures themselves are “inconsequential elements.”
Although appellant did advise its customers as to the copying process which was best suited to their needs, the production of the copies themselves was largely mechanical. The machines or devices employed did the work, and those operating them were not required to be persons of extraordinary ability or expertness.
One member of the Board of Tax Appeals dissented from the decision rendered. In his dissenting opinion he said in substance:
The City Blue Printing Company is a vendor engaged in making retail sales of tangible personal property. In such capacity it purchases the supplies necessary for its processing activities free from the *11 burden of the Ohio sales and use taxes. The final order of the Tax Commissioner in making the assessment treats the company as a consumer and such order is apparently grounded on the Tax Commissioner’s Rule No. 101 whereby the company transfers its products to its customers as nontaxable personal-service transactions. No rule of the Tax Commissioner can contravene the statutes and can convert what is clearly a retail sale of tangible personal property into a nontaxable personal-service transaction.
This court concurs in such observations.
It may be appropriate to add that our conclusion will not result in any loss of taxes to the state of Ohio. All appellant’s sales, except those specifically excepted, are taxable “retail sales” subject to treatment as such.
The decision of the Board of Tax Appeals is reversed.

Decision reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taet, JJ., concur.